IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS DEVAN HUNTER, )
)
        **Plaintiff,** )
)
v. ) 1:09CV116
)
MARK E. HAYES, )
)
        **Defendant.** )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On February 4, 2009, Marcus Dean Hunter filed a civil action in this Court and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The allegations of Plaintiff's handwritten complaint are difficult to decipher, but it is clear that Plaintiff Hunter brings suit under 42 U.S.C. § 1983 against his former criminal defense lawyer. In pleadings that are confusing at times, Plaintiff alleges that his court-appointed attorney, Mark E. Hayes, "slandered" the Plaintiff by stating, in his defense, that Plaintiff had accused counsel of being a Mason and that Plaintiff himself was a Rastafarian, two societies that have a historical disagreement. According to Plaintiff, this alleged statement rendered defense counsel "ineffective" in his assistance as Plaintiff's counsel.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C. § 1915(e)(2)(B) when the complaint lacks "an arguable basis either in law or in fact." *Id*. at

325. *Neitzke* explained that "[§ 1915(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Additionally, under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), a court may dismiss as frivolous in forma pauperis complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely.

The Court concludes that Plaintiff Hunter's complaint is subject to dismissal under *Neitzke*. Plaintiff sues his court-appointed counsel, but it is well established that court-appointed defense counsel are not "state actors," and are therefore not subject to suit in an action under 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980). Moreover, Plaintiff's cause of action is for slander, a claim that is based solely on state law and raises no federal question. *See Paul v. Davis*, 424 U.S. 693 (1976). For these reasons, **IT IS RECOMMENDED** that *in forma pauperis* status be granted and that Plaintiff's complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: March 11, 2009